SEALED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO.  6:24-cr- 187 RBD- RMN
18 U.S.C. § 641

GEOFFREY LANDON FEAZELL

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

Beginning on or about January 2, 2018, and continuing through on or about November 1, 2019, in the Middle District of Florida, and elsewhere, the defendant,

GEOFFREY LANDON FEAZELL,

did knowingly and willfully embezzle, steal, purloin, and convert to the defendant's use and the use of another, more than $1,000 of money and a thing of value of the United States and the Office of Personnel Management, a department and agency of the United States, that is, Civil Service Retirement System benefits, with intent to deprive the United States and Office of Personnel Management of the use and benefit of the money and thing of value.

In violation of 18 U.S.C. § 641.

## COUNT TWO

Beginning on or about January 2, 2018, and continuing through on or about November 1, 2019, in the Middle District of Florida, and elsewhere, the defendant,

GEOFFREY LANDON FEAZELL,

did knowingly and willfully embezzle, steal, purloin, and convert to the defendant's use and the use of another, more than $1,000 of money and a thing of value of the United States and the Social Security Administration, a department and agency of the United States, that is, Social Security benefits, with intent to deprive the United States and Social Security Administration of the use and benefit of the money and thing of value.

In violation of 18 U.S.C. § 641.

## FORFEITURE

1.      The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. § 641, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.      The property to be forfeited includes, but is not limited to, the following: an order of forfeiture in the amount of $151,259.73, which represents the proceeds of the offense

4.      If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

2

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be

divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Courtney D. Richardson-Jones
Assistant United States Attorney

By: _____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

FORM OBD-34
APR 1991                               No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

## THE UNITED STATES OF AMERICA

vs.

## GEOFFREY LANDON FEAZELL

## INDICTMENT

Violations:

18 U.S.C. § 641

A true bill,

_James G. Berry_
Foreperson

Filed in open court this 17th day of July, 2024.

_[signature]_
Clerk

Bail    $_____

GPO 863 525